**Annie M. HOLLIFIELD, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 03–3248.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 8, 2004.

**754**

Before RADER, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

In May 1986 the petitioner retired from federal service for reasons of medical disability, *see* 5 U.S.C. § 8337 (2000), and she began receiving a disability retirement annuity on May 16, 1986. On June 30, 1993, the Office of Personnel Management ("OPM") terminated the petitioner's disability retirement annuity, based on a finding that she had been restored to earning capacity under 5 U.S.C. § 8337(d),[1] and OPM began paying the petitioner a discontinued service annuity instead of a disability retirement annuity. The discontinued service annuity was less than the disability retirement annuity.

OPM eventually changed its decision, finding that the petitioner was not restored to earning capacity as it had earlier concluded. On January 4, 2000, OPM determined that the petitioner was entitled to disability retirement annuity instead of the discontinued service annuity that she had been receiving since 1993. In August

of 2000 OPM made two payments to the petitioner covering the amount of disability retirement payments due to the petitioner for the period between July of 1993 and August of 2000. However, OPM failed to deduct the amounts the petitioner had already received in discontinued service annuity. Thus, the petitioner received more than she was entitled to receive. OPM sought recovery from the petitioner of $23,531.10 in overpayments.

The petitioner petitioned OPM for a waiver of overpayment in July of 2001. The relevant statute allows waiver of repayment when both "the individual is without fault" and "recovery would be against equity and good conscience." 5 U.S.C. § 8346(b) (2000). OPM denied the petitioner's request on October 1, 2001, finding that she did not meet the requirements for waiver because OPM had requested repayment in August of 2000, and the petitioner was "not totally without fault in [the] matter" of failing to repay OPM. (App. at 35.) The petitioner appealed to the Merit Systems Protection Board ("MSPB"), which dismissed the appeal without prejudice on February 8, 2002, to allow the petitioner time to secure representation "[i]n light of [her] apparent inability to represent herself." (App. at 26). Thereafter the appeal was re-filed; a hearing was held on the matter; and an administrative judge affirmed OPM's decision on July 1, 2002. The petitioner then petitioned for review to the full MSPB, and review was denied on June 19, 2003. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9).

---

1. Section 8337(d) provides in relevant part:
   If an annuitant receiving disability retirement annuity from the Fund ... is restored to an earning capacity fairly comparable to the current rate of pay of the position occupied at the time of retirement, payment of

   the annuity terminates on reemployment by the Government or 180 days after the end of the calendar year in which earning capacity is so restored, whichever is earlier. 5 U.S.C. § 8337(d).

## DISCUSSION

We will only set aside an MSPB decision if it is "1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law . . .; or 3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). The petitioner bears the burden of establishing error in the MSPB decision. *Tiburzi v. Dep't of Justice*, 269 F.3d 1346, 1351 (Fed.Cir.2001) (citing *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986)).

The administrative judge correctly relied on 5 U.S.C. § 8346(b) and 5 C.F.R. § 831.1403 for the legal standard governing waiver of a repayment obligation, namely both that the individual be "without fault" and that recovery be "against equity and good conscience," 5 U.S.C. § 8346(b). *Hollifield v. Office of Pers. Mgmt.*, No. DC–831M–02–0075–I–2, slip op. at 4 (M.S.P.B. July 1, 2002). The administrative judge concluded that the petitioner had not met her burden of proving entitlement to such a waiver.

The administrative judge found that the petitioner "was not totally without fault" because she "was asked to return the [overpayment] on August 14, 2000, but she failed to return it." *Id.* at 5. Petitioner argues that she did nothing to cause the overpayment in the first place. Even if the petitioner were not at fault in the overpayment, she still would not have been entitled to a waiver because she had not met the second prerequisite for waiver, that repayment be "against equity and good conscience," 5 U.S.C. § 8346(b). The regulations at 5 C.F.R. § 831.1403(a)(1–3) allow an individual to meet this second prerequisite by proving "financial hardship," detrimental reliance by having "relinquished a valuable right, or changed positions for the worse," or "unconscionab[ility] under the circumstances." The

administrative judge noted that the petitioner did not request waiver on the basis of financial hardship and did not provide sufficient evidence to prove either detrimental reliance or unconscionability. *Hollifield*, No. DC–831M–02–0075–I–2, slip op. at 5–8.

The administrative judge explained that the petitioner, having received immediate notice of the overpayment, did not prove detrimental reliance. Although she alleged that "she made expenditures which cannot be recovered," *id.* at 6 (internal quotations omitted), she neither "identified the nature of her expenditures or the reasons for making them," nor did she demonstrate "that she changed positions for the worse" based on her reliance, *id.* at 7. The administrative judge also found that the petitioner did not demonstrate the "exceptional circumstances" necessary to prove "unconscionability" under the regulations. *Hollifield*, No. DC–831M–02–0075–I–2, slip op. at 7 (citing *Aguon v. Office of Pers. Mgmt.*, 42 M.S.P.R. 540, 549 (1989) ("We emphasize that the unconscionability criterion is a high standard, and that a waiver based on that criterion will be granted only under exceptional circumstances.")). The administrative judge again found that although the petitioner "argues that she is entitled to waiver on the basis of OPM's 'egregious errors/delays' and 'offensive/harsh' handling of her case," she did "not identify any specific error or delay or explain how OPM handled her case in an offensive or harsh manner." *Id.* at 8 (internal quotations in original).

We conclude that substantial evidence supports the administrative judge's determination that the petitioner has not met the statutory prerequisites for waiver of repayment.

For the foregoing reasons, the MSPB's decision is *affirmed.*

COSTS

No costs.